USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/18/2023__

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

VIDAL SOLER and COREY STEWART,
individually and on behalf of all others similarly
situated,

    Plaintiffs,

v.

FRESH DIRECT, LLC and FRESH DIRECT
HOLDINGS, INC.,

    Defendants.

No. 1:20-CV-03431 (AT)

CLASS ACTION

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS AND PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SERVICE AWARDS AND CLASS COUNSELS' FEES AND COSTS

Upon review and consideration of Plaintiffs' Unopposed Motion for Final Approval of Settlement and Certification of the Settlement Class and Plaintiffs' Unopposed Motion for Approval of Service Awards and Class Counsels' Fees and Costs, including the memoranda, declarations, exhibits and other papers attached thereto ("Motions for Final Approval"), the Court grants final approval of the settlement memorialized in the Settlement agreement and "so orders" all of its terms incorporated herein. Accordingly, it is **HEREBY ORDERED, ADJUDGED** and **DECREED** as follows:

1.     **Jurisdiction.** This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the Settlement Class, as defined below.

2.     **Settlement.** Plaintiffs Vidal Soler and Corey Stewart ("Plaintiffs" or "Named Plaintiffs"), on behalf of themselves and all Class Members, and Defendants Fresh Direct LLC

and Fresh Direct Holdings LLC ("Defendants" or "Fresh Direct") (collectively, the "Settling Parties"), have negotiated a settlement of this action (the "Action") to avoid the uncertainties and burden of protracted litigation, and to resolve any and all claims being released by the Settlement Agreement.

3. **Review**. The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter and has heard argument by the parties at the Fairness Hearing. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

4. **Final Approval.** The Settlement Agreement entered into by and among the Settling Parties is procedurally and substantively fair, reasonable, and adequate, and is not the product of collusion. *See* Fed. R. Civ. P. 23(e); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974). The programmatic and class member relief is significant and meaningful, especially when weighed against the risks of ongoing litigation. Among other factors, the Court has considered the strengths and weaknesses of Plaintiffs' case versus the benefits of the Settlement; the monetary and programmatic recovery; the method of distribution and the treatment of Class Members; the likely complexity, length, and expense of further litigation; the lack of opposition to the Settlement among the Settlement Class; the opinion of competent counsel; the arms'-length negotiations entered into with the assistance of a mediator; the amount of discovery undertaken; and the other terms of the settlement.

5. **Settlement Class.** The Settlement Class consists of:

All the persons who applied for employment to Fresh Direct in New York State during the Relevant Period, who received conditional offers of employment, and who disclosed criminal conviction histories and/or whose background checks

revealed criminal conviction histories, which conditional offers were withdrawn for any reason, from January 1, 2015, through July 29, 2021.

6. **Final Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class for settlement purposes only:

(a) The Court finally certifies the Settlement Class under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

(b) The Settlement Class is so numerous that joinder of all members is impracticable;

(c) There are questions of law or fact common to the members of the Settlement Class;

(d) The claims of Plaintiffs are typical of the claims of the other members of the Settlement Class;

(e) Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g) The Settlement Class is ascertainable;

(h) Resolution of the claims in this Action by way of settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7. **Confirmation of Class Representatives.** Plaintiffs Vidal and Stewart are confirmed as representative of the Settlement Class for the sole purpose of seeking a settlement of the Action.

8. **Confirmation of Class Counsel.** Outten & Golden LLP ("O&G) is confirmed as Class Counsel for the sole purpose of seeking a settlement of the Action.

9. **Class Notice.** The Court finds that the notice effectuated was the best practicable notice under the circumstances, and was accomplished in all material respects, as set forth in

Plaintiffs' papers. The distribution of the notice fully met the requirements of Rule 23 and satisfied the requirements of constitutional due process and any other applicable law.

10. **Releases**. Upon the Effective Date of the Settlement, all Settlement Class Members who have not filed a timely and proper request for exclusion shall release the Released Persons from all Released Claims, as described in the Settlement Agreement.

11. **Service Awards.** The Court finds that service awards of $10,000 each to Named Plaintiffs and $5,000 to Declarant are reasonable. Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a named plaintiff, and any other burdens sustained by the plaintiffs. Here, the requested service awards are reasonable and are approved.

12. **Attorneys' Fees and Expenses.** The Court awards Class Counsel $300,000.00 in fees and $24,790.58 in costs for their efforts in support of this litigation out of the Gross Settlement Amount. Class Counsel engaged considerable resources in the prosecution of this case. The attorneys at Outten & Golden LLP are experienced class action and employment lawyers with good reputations among the class action and employment bars and significant experience in litigating criminal history discrimination claims. Class Counsel are nationally recognized employment class action litigators. Although Class Counsel had no guarantee of any compensation in pursuing this case, and have worked without compensation, they achieved substantial success in settling the claims on behalf of the Class, and will continue to perform work on behalf of the Class going forward to effectuate the terms of the Settlement.

13. **Next Steps.** Pursuant to the Settlement Agreement:

 (a) No later than ten (10) days after the Effective Date, Defendant shall deposit the Gross Settlement Amount into the Qualified Settlement Fund ("QSF").

(b) Fourteen (14) days after the Effective Date, the Settlement Administrator will mail Settlement Checks to all participating Class Members, mail Court-approved Service Awards to the Named Plaintiffs and Declarant, and transfer payment to Class Counsel of Court-approved fees and costs, from the QSF.

(c) Participating Class Members will have one hundred and twenty (120) days to cash, deposit, or otherwise negotiate their Settlement Checks.

(d) The Settlement Administrator will send reminders via email, text message, and First-Class United States Mail within sixty (60) days after the issuance of Settlement Checks to Participating Class Members who have not yet cashed their Settlement Check reminding them to negotiate their Settlement Check prior to the one hundred and twenty (120) day deadline.

(e) Any uncashed checks remaining from the Gross Settlement Fund shall be redistributed to Participating Class Members, if economically feasible, and, if not, awarded to the *cy pres* designee, the New York-based organization The Fortune Society.

14. **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in the Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

15. **Jurisdiction**. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby, for one year following the date of this Order.

16. **Implementation.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement.

17. **Dismissal with Prejudice.** Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Agreement and this Order. All Settlement Class Members who did not opt out and Plaintiffs are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released through the Settlement Agreement. The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

SO ORDERED.

Dated: October 18, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge